```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SAINT SURIN EDUOARD,                                        :
On behalf of himself and others similarly                   :
situated,                                                   :
                                                            :
                                                            :   **MEMORANDUM DECISION AND**
                              Plaintiff,                    :   **ORDER**
                                                            :
              -against-                                     :   18-cv-5554 (BMC)
                                                            :
NIKODEMO OPERATING CORP. d/b/a                              :
FLORIDIAN DINER, DIMITRIOS                                  :
KALOIDIS, IOANIS PARAPONIARIS, and                          :
STEVE ZAHARAKIS,                                            :
                                                            :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") because defendants allegedly underpaid him when he worked at their diner by rounding his hours when determining plaintiff's compensation. Before me is plaintiff's motion for class certification. For the reasons stated below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff proposed class is as follows: "All Hourly Employees of Defendants who worked at Defendants' diner from December 15, 2016 to Present." Plaintiff alleges that defendants underpaid him and similarly situated employees by rounding their hours, often to the nearest hour. Defendants agree that they rounded their employees' hours, but deny that their practice of rounding these hours inured to the detriment of plaintiff or other employees. Further, Paraponiaris testified that he had the authority to give employees more money and sometimes –

but "not very often" – would add more cash to their pay envelope if employees complained that they were not paid correctly.

## DISCUSSION

To be eligible for class certification, a plaintiff must demonstrate that he meets the four requirements of Federal Rule of Civil Procedure 23(a). Those requirements are: (1) "the class is so numerous that joinder of all members is impracticable" (numerosity); (2) "there are questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and (4) "the representative parties will fairly and adequately protect the interests of the class" (adequacy). Fed. R. Civ. P. 23(a) (1)-(4).

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). "Rule 23 does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349 (2011). Rather, plaintiffs "must affirmatively demonstrate [their] compliance with the Rule – that is, [they] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Id. (emphasis in original). "[A] plaintiff must provide 'significant' and 'convincing' evidence that satisfies the Rule 23 requirements." Ackerman v. Coca-Cola Co., 09-cv-395, 2013 WL 7044866, at *6 (E.D.N.Y. July 18, 2013).

Plaintiff's motion for class certification is denied because plaintiff has failed to meet the commonality and typicality requirements. "The commonality and typicality requirements often tend to merge into one another, so that similar considerations animate analysis of both." Brown v. Kelly, 609 F.3d 467, 475 (2d Cir. 2010) (citation and quotation marks omitted). "What

matters to class certification ... is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Wal-Mart Stores, Inc., 564 U.S. at 350 (internal quotation marks).

Adjudicating the claims of each member of the proposed class would require an individualized inquiry not only about whether defendants rounded each proposed class member's time but also: whether the rounding worked in the employee's or employer's favor; whether the employees were actually working when they were clocked in; and whether, in the aggregate, rounding each proposed class member's time worked to the benefit or detriment of the proposed class member. Further, since Paraponiaris testified that he would give employees extra cash if they complained they were underpaid, an individualized inquiry would also be necessary to determine whether defendants nonetheless adequately compensated each proposed class member even if defendants' rounding practices appeared to undercompensate certain class members.

This individualized inquiry would be necessary to determine whether defendants are liable at all, not only to assess damages. In other cases, the parties and the Court may conduct one inquiry to determine if a uniform policy that applies to class members (e.g., paying a wage below minimum wage or not paying proper overtime pay) is unlawful, and then conduct a separate inquiry to determine the amount of damages that are appropriate. In such cases, there may be individual questions as to damages – but not as to liability – and "individual questions with respect to damages will not defeat class certification ... ." Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 86 (S.D.N.Y. 2001). But here, an individualized inquiry would be necessary to determine whether – in light of the employees' use of their time and in light of defendants' practice of providing extra cash to employees who complain about being underpaid – each prospective class member even has a claim against defendants, which is separate from any

inquiry into the damages that each prospective class member may receive if the claims are meritorious. See id.

Plaintiff asserts that evaluating the claims of the prospective class members would only require an examination of paper records, but this argument is not persuasive. An examination of paper records would confirm that defendants rounded employees' time, but "[r]ounding practices are not *per se* unlawful." Burns v. Haven Manor Health Care Ctr., LLC, 13-cv-5610, 2015 WL 1034881, at *1 n.2 (E.D.N.Y. March 10, 2015). Rather, "rounding policies that on average, favor neither overpayment nor underpayment of wages are permissible, while those that systematically undercompensate employees are unlawful." Boone v. PrimeFlight Aviation Servs., Inc., 15-cv-6077, 2018 WL 1189338, at *5 (E.D.N.Y. Feb. 20, 2018) (internal quotation mark omitted). Determining whether defendants' rounding policies resulted in systematic under-compensation of employees would involve not only a review of paper records but also depositions to determine how employees spent their time and whether they requested and received supplemental cash from defendants after complaining about any perceived under-compensation.

Since this individualized inquiry would predominate over any common inquiry in this case, plaintiff has failed to meet the commonality and typicality requirements. Because plaintiff has failed to meet these requirements, the Court need not and does not determine whether plaintiff meets any other requirement of class certification. See Moore v. Publicis Grp. SA, 111-cv-1279, 2014 WL 11199094, at *7 (S.D.N.Y. May 15, 2014); Lewis v. Johnson, 92 F.R.D. 758, 759 (E.D.N.Y. 1981).

## **CONCLUSION**

Plaintiff's [18] motion for class certification is denied. By separate order, the Court will schedule a conference to set this matter down for trial.

**SO ORDERED.**

                                                                                        U.S.D.J.

Dated: Brooklyn, New York
        August 2, 2019