```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SAINT SURIN EDOUARD,                                        :
                                                            :
                              Plaintiff,                    :     MEMORANDUM DECISION
                                                            :     AND ORDER
              - against -                                   :
                                                            :     18-cv-5554 (BMC)
NIKODEMO OPERATING CORP. d/b/a                              :
Floridian Diner, DIMITRIOS KALOIDIS,                        :
IOANIS PARAPONIARIS, and STEVE                              :
ZAHARAKIS,                                                  :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Presently before me in this Fair Labor Standards Act case is defendants' motion for sanctions against plaintiff's former counsel, Neil M. Frank, an attorney who has been disbarred, and his law firm, Frank & Boland, P.C. (together, the "Frank Attorneys"). As originally brought, the motion also sought the imposition of sanctions against plaintiff and his current attorney, Matthew Brian Weinick, and his firm, Famighetti & Weinick, PLLC (the "Weinick Attorneys"), who had entered the case shortly before trial. After the Weinick Attorneys opposed the motion on their own behalf and on behalf of plaintiff, defendants withdrew the motion as to them, but have maintained it as to the Frank Attorneys. The Frank Attorneys have not submitted opposition to the motion, although some of the arguments that the Weinick Attorneys raised prior to settling the motion also apply, at least to some extent, to the Frank Attorneys.

Defendants' request for sanctions is primarily based on an alleged bad faith refusal to settle. Defendants made a Rule 68 offer early in the case for $6000, including attorneys' fees, which plaintiff let lapse. Following a bench trial, I found for plaintiff and entered judgment in

the amount of $3419.32. Plaintiff, through the Weinick Attorneys, then moved for attorneys' fees of over $43,000 based on their own charges as well as those of the Frank Attorneys. The parties settled that motion for an undisclosed amount (although I suspect little or none of it went to the Frank Attorneys).

The main problem with defendants' argument is that plaintiff very likely did better in rejecting the $6000 Rule 68 offer than he would have done by accepting it. That is because the offer included attorneys' fees. As the case turned out, plaintiff recovered $3419.32 plus the right to recover attorneys' fees. I do not know with certainty how I would have ruled on plaintiff's $43,000 attorneys' fee application had the parties not settled it. However, I think it is clear that although I would not have allowed $43,000 in fees, it is highly likely that I would have allowed more than $2580.68 (the difference between $6000 and $3419.32) – probably substantially more. See Hui Luo v. L&S Acupuncture, P.C., 649 F. App'x 1, 3 (2d Cir. 2016) (noting in FLSA case that "[t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." (emphasis in original)) (quoting, Millea v. Metro-North R.R. Co., 658 F.3d 154, 169 (2d Cir. 2016). I therefore do not see why defendants are complaining that plaintiff vexatiously multiplied the proceedings in light of their insufficient Rule 68 offer.

In addition, I am very reluctant to find that a refusal to settle can be the basis for a sanctions award. Parties have "an absolute right to refuse to settle regardless of whether their position is reasonable." Carling v. Peters, No. 10-cv-4573, 2012 WL 1071232, at *4 (S.D.N.Y. March 30, 2012). Civil litigation in the federal courts has become so settlement-oriented that parties often forget this, the result being an explosion of cases where the settlement value reflects the pressure of defense costs rather than the merits of the case. See Encalada v. Baybridge

2

Enterprises Ltd., No. 14-cv-3113, 2014 WL 4374495, at *2 (E.D.N.Y. Sept. 2, 2014) ("there is a commercial reality in cases like this seeking a minimal recovery … even if the case has meritorious defenses. … This is because the amount of the claim … is going to be greatly exceeded by the employer's own defense costs, even if the employer prevails … .").

There are some protections against cost-driven settlements for the employer even in marginal cases. Rule 68 provides a modest one, limited to the usually insubstantial "costs" (not attorneys' fees) incurred subsequent to the rejected offer. Rule 11 and 18 U.S.C. § 1927 provide a more sharp-toothed deterrent to frivolous or vexatious cases or proceedings.

But none of those protections aid defendants in their current motion. For the reasons stated above, I cannot award defendants costs under Rule 68 because when attorneys' fees are considered, it is not at all clear that plaintiff recovered less than he would have recovered had he accepted the offer. In addition, I cannot find that plaintiff violated Rule 11 or § 1927 based on his prosecution of the case.

Defendants do not and cannot argue that the case was frivolous since plaintiff did in fact recover a judgment. They argue, instead, that plaintiff's class action motion, which I denied for its failure to show commonality and typicality, was frivolous or vexatious, and they should recover sanctions against the Frank Attorneys for having made it. I do not agree.

It is true that the motion was very weak. Indeed, it was virtually doomed from the start because the Frank Attorneys failed to obtain any class discovery, seeking to involve me in it only two days before the discovery period ended. But very weak is not frivolous, and my review of the motion indicates that plaintiff made at least a colorable showing to certify a class. Most significantly, plaintiff obtained in discovery and submitted in support of his motion an admission from defendants that all wage employees were subjected to a "rounding" policy, which plaintiff

3

contended worked to his and the other class members detriment.  I denied the motion because rounding of wages is not in and of itself illegal, see Boone v. PrimeFlight Aviation Servs, Inc., No. 15-cv-6077, 2018 WL 1189338, at *14 (E.D.N.Y. Feb. 20, 2018); Burns v. Haven Manor Health Care Ctr., LLC, No. 13-cv-5610, 2015 WL 1034881, at *1 (E.D.N.Y. Mar. 10, 2015), and plaintiff failed to demonstrate that the rounding had worked to his detriment, let alone the detriment of putative class members. Nevertheless, the failure of proof did not mean the motion was made in bad faith.

In addition, plaintiff introduced a short excerpt from his deposition to the effect that at the beginning of his employment, at least, he was not paid overtime.  Although defendants had a response to that which I accepted at trial as a matter of credibility, that did not make the class certification motion a frivolous motion.

Finally, defendants point out that, according to Mr. Weinick's affidavit in opposition to the sanctions motion, Mr. Frank never advised plaintiff of the Rule 68 offer.  Instead, Mr. Weinick, upon entering the case much later and learning of the non-communication, attempted to revive the lapsed offer with plaintiff's consent, but defendants were no longer interested.  Of course, it is an unpardonable sin for a lawyer to fail to advise a client of a settlement offer, and to make it worse, it seems likely that Mr. Frank deliberately did that because he wanted a bigger fee than the $6000 inclusive offer would have allowed.

I might well sanction Mr. Frank for this conduct in other circumstances but it would make little sense here.  First of all, he has already been disbarred for unrelated conduct (among other reasons, commingling of personal and client funds).  See Matter of Frank, 176 A.D.3d 64, 105 N.Y.S.3d 133 (2nd Dep't 2019).  Second, as noted above, plaintiff appears to have done at least as well and probably better than if he had accepted the offer.  Third, if I did impose a

4

monetary sanction, I wouldn't direct payment to defendants, because the sanctionable conduct goes to the relationship between Mr. Frank and his client, not Mr. Frank and defendants.

I therefore deny defendants' [39] motion for sanctions.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       August 23, 2020